UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LETICIA PINEDA, on behalf of herself, all others similarly situated, and the State of California,<br><br>    Plaintiff,<br><br>    v.<br><br>SUN VALLEY PACKING, L.P., et al.,<br><br>    Defendants. | No. 1:21-cv-01265-DAD-EPG<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND REMANDING THIS ACTION TO THE FRESNO COUNTY SUPERIOR COURT<br><br>(Doc. No. 9) |

This matter is before the court on plaintiff's motion to remand this action to the Fresno County Superior Court. (Doc. No. 9.) Pursuant to General Order No. 617 addressing the public health emergency posed by the COVID-19 pandemic, plaintiff's motion was taken under submission on the papers. (Doc. No. 12.) For the reasons explained below, the court will grant plaintiff's motion to remand.

## BACKGROUND

Plaintiff Leticia Pineda filed this representative action in Fresno County Superior Court against her employer defendant Sun Valley Packing, L.P., and defendant Valle Del Sol Jones, LLC, on behalf of herself, other similarly aggrieved employees, and the State of California, alleging a single claim for civil penalties under the California's Private Attorneys General Act

1

("PAGA"), California Labor Code §§ 2698, *et seq.* (Doc. No. 1-1.) Plaintiff's PAGA claim is based upon her allegations that defendants violated California Labor Code § 432.5 by "unlawfully requiring plaintiff and others to sign arbitration agreements, as a condition of their employment, which contained a purported waiver of the aggrieved employees' right to bring any claim related to their employment on a representative basis that is unenforceable as a matter of settled California law in California." (*Id.* at ¶¶ 1, 23–28.)

On August 19, 2021, defendants timely removed this action to this federal court, purportedly based on two distinct jurisdictional grounds. (Doc. No. 1.) First, defendants assert that removal was proper because this court has subject matter jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). (*Id.* at 2–7.) Second, defendants assert that removal to this court was also proper pursuant to the Convention on Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention"), 9 U.S.C. §§ 201, *et seq.*, because plaintiff is a Mexican national, not a U.S. citizen, and was employed by defendants as a seasonal worker at their packing plant in Reedley, California. (*Id.* at 7–8; Doc. No. 1-1 at ¶ 9.)

On September 7, 2021, plaintiff filed the pending motion to remand arguing that CAFA jurisdiction does not apply here because this case is a PAGA-only action, not a class action, and that the New York Convention, which is limited to foreign commerce, does not apply to the arbitration provision in the parties' employment agreement for work performed exclusively in California and subject to enforcement exclusively in California. (Doc. Nos. 9; 9-1 at 9–13.) On September 21, 2021, defendants filed an opposition to the pending motion, and on September 27, 2021, plaintiff filed her reply thereto. (Doc. Nos. 19, 20.)

**LEGAL STANDARD**

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also Smith v. Mylan, Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014); *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citation omitted); *see also Provincial Gov't of*

*Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) ("The defendant bears the burden of establishing that removal is proper."). As such, a federal court must reject jurisdiction and remand the case to state court if there is any doubt as to the right of removal. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1118 (9th Cir. 2004). The defendant seeking removal of an action from state court bears the burden of establishing grounds for federal jurisdiction by a preponderance of the evidence. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

**ANALYSIS**

**A.     Motion to Remand**

      1.     Removal Pursuant to CAFA

In the pending motion, plaintiff argues that removal of this action based on CAFA was improper and urges the court to remand this PAGA-only action because the court lacks subject matter jurisdiction. (Doc. No. 9-1 at 8–9.) In their opposition to the pending motion, defendants do not meaningfully address plaintiff's argument in this regard. Instead, defendants contend that removal is proper because plaintiff has a related pending class action lawsuit asserting various wage and hour claims against defendant Sun Valley Packing, L.P., and plaintiff could have (and according to defendants, should have) sought leave to amend her complaint in that pending class action to include her PAGA claim, rather than filing the PAGA-only action in state court. (Doc. No. 19 at 22–23.) Defendants' argument appears to be that because the court would have had jurisdiction over plaintiff's PAGA claim if she had added the PAGA claim in her pending wage and hour class action, this court must also have jurisdiction over plaintiff's PAGA-only action. (*Id.*) Defendants are mistaken. The issue here is not whether the court would exercise supplemental jurisdiction over a PAGA claim where a plaintiff initiates a single action bringing both class claims and a PAGA claim or where a plaintiff seeks to amend her class action complaint to add a PAGA claim. Plaintiff decided not to amend her pending class action complaint to add a PAGA claim. Rather, she filed this PAGA-only action in state court, and the only relevant question posed by the pending motion to remand is whether this federal court lacks subject matter jurisdiction over this action such that remand is required.

It is well established in the Ninth Circuit that "a PAGA claim cannot be brought as a 'class action' under CAFA." *Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 856 (9th Cir. 2020); *Echevarria v. Aerotek, Inc.*, 814 F. App'x 321, 322 (9th Cir. 2020)[1] (noting that "a PAGA claim cannot give rise to CAFA jurisdiction"). "PAGA is not sufficiently similar to Rule 23 to establish the original jurisdiction of a federal court under CAFA." *Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1124 (9th Cir. 2014) (holding "that the district court could not exercise jurisdiction over [] removed PAGA action under CAFA").

Moreover, even if a plaintiff has a separate class action pending before the federal court, a defendant seeking to remove a PAGA-only action cannot invoke supplemental jurisdiction as a basis for removal. *See Ogaz v. Honeywell Int'l, Inc.*, No. 21-cv-740-JFW-KK, 2021 WL 2822400, at *3 (C.D. Cal. July 7, 2021) (noting that "supplemental jurisdiction is not the same as original jurisdiction and, therefore, cannot confer a right to removal" over a PAGA action); *Guzman v. Peri & Sons Farms of California, LLC*, No. 1:21-cv-00348-NONE-SKO, 2021 WL 3286063, at *3 (E.D. Cal. Aug. 2, 2021) (declining to consolidate CAFA and PAGA cases because there was no basis for the court's exercise of jurisdiction over the plaintiff's PAGA action); *cf.*, *Bank of New York Mellon v. Palmer*, No. 1:17-cv-00707-DAD-SKO, 2017 WL 2791662, at *2 (E.D. Cal. June 28, 2017) ("Even where the court has jurisdiction over a related action, that does not provide a basis for supplemental jurisdiction over this action presenting a purely state law claim."). Indeed, federal courts in California routinely allow PAGA and CAFA cases to proceed on their separate state and federal tracks, regardless of similarities between the two cases. *See, e.g.*, *Coffin v. Magellan HRSC, Inc.*, No. 3:19-cv-2047-BAS-NLS, 2020 WL 773255, at *3 (S.D. Cal. Feb. 18, 2020) ("It is unclear to the Court exactly why [plaintiff] filed two separate complaints . . ., but [plaintiff] does not dispute that *Coffin I* is properly in this Court, therefore, she does not appear to be attempting to stay out of federal court (or avoid CAFA) entirely.")

/////

---

[1] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

Accordingly, the court concludes that removal of this PAGA-only action based on CAFA jurisdiction is improper. Because CAFA does not apply to this PAGA representative action, CAFA cannot serve as the jurisdictional basis for removal of this case.

2.  Removal Pursuant to New York Convention

In their notice of removal, defendants alleged that this court has jurisdiction over this action under the New York Convention, which according to defendants, "provides that a defendant may remove from state court into federal court a case (1) 'implicating' or 'relating' to an arbitration agreement, (2) involving at least one non-U.S. citizen." (Doc. No. 1 at 7–8) (citing 9 U.S.C. §§ 203, 205). Defendants point to three arbitration agreements that plaintiff signed in connection with her employment and that defendants contend are implicated and related to this pending PAGA action. (*Id.* at 8.) Defendants also point to plaintiff's IRS Form I-9 showing that she is a Mexican citizen, not a U.S. citizen. (*Id.*) Based on these arbitration agreements and the fact that plaintiff is not a U.S. citizen, defendants contend that removal of this action was proper under the New York Convention. (*Id.*)

In the pending motion to remand, plaintiff argues that the New York Convention does not apply to plaintiff's arbitration agreements and cannot provide the basis for removal of plaintiff's PAGA-only action. (Doc. No. 9-1 at 9.) Plaintiff emphasizes that defendants' notice of removal omits key statutory language in quoting the New York Convention's provisions and misrepresent its requirements, which limit a federal court's jurisdiction to an arbitration "under the Convention." (*Id.*) (quoting 9 U.S.C. § 205).[2] Plaintiff contends that when viewed in light of the Ninth Circuit's explanation as to the scope of the New York Convention and its interpretation of

/////

---

[2] Section 205 provides as follows:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award *falling under the Convention*, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending.

9 U.S.C. § 205 (emphasis added).

what falls "under the Convention" as that phrase is used in the statute,[3] it is clear that the Convention does not apply to the arbitration agreements at issue in this case. (*Id.* at 9–10) (citing *Ministry of Def. of Islamic Republic of Iran v. Gould Inc.*, 887 F.2d 1357, 1362 (9th Cir. 1989)).

As the Ninth Circuit has explained:

> In New York in 1958, the United Nations facilitated the creation of an international agreement providing for enforcement of foreign arbitral awards. Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517, T.I.A.S. No. 6997, 330 U.N.T.S. 38 ("the New York Convention" or "the Convention"). Party–States to the Convention agree to "recognize arbitral awards as binding and enforce them in accordance with [their own] rules of procedure." New York Convention, Art. III. The United States became a party to the Convention in 1970, and Congress soon after enacted legislation implementing the provisions of the Convention into domestic law, codified as Chapter II of the Federal Arbitration Act, 9 U.S.C. sections 201–208.
>
> As part of this legislation, Congress vested federal district courts with original jurisdiction over any action or proceeding "falling under the Convention," as such an action is "deemed to arise under the laws and treaties of the United States." 9 U.S.C. § 203. The starting point for our interpretation is a supplementary statutory provision which provides that an "arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement described in section 2 of this title, *falls under* the Convention." 9 U.S.C. § 202 (emphasis supplied). The provision goes on to except from the definition of "falls under" certain awards made pursuant to a domestic legal relationship which have no foreign nexus. *Id.*
>
> Under the plain meaning of the statute then, three basic requirements exist for jurisdiction to be conferred upon the district court: the award (1) must arise out of a legal relationship (2) which is commercial in nature and (3) which is not entirely domestic in scope.

---

[3] Section 202 provides as follows:

> An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement described in section 2 of this title, falls under the Convention. An agreement or award arising out of such a relationship which is entirely between citizens of the United States shall be deemed not to fall under the Convention unless that relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states.

9 U.S.C. § 202.

1 *Ministry of Def. of Islamic Republic of Iran*, 887 F.2d at 1362.  The Ninth Circuit further noted that Article I of the Convention provides that it "shall apply to the recognition and enforcement of arbitral awards made in the territory of a State other than the State where the recognition and enforcement of such awards are sought, and arising out of differences between persons, whether physical or legal . . . [and those awards] not considered as domestic awards in the State where their recognition and enforcement are sought." *Id.* (quoting Convention Done at New York June 10, 1958, T.I.A.S. No. 6997 (Dec. 29, 1970)).  The Ninth Circuit also noted that "[t]he United States imposes an additional related condition on the award:  it must be 'made in the territory of another Contracting State.'" *Id.* (citing 21 U.S.T. 2566).

Given this interpretation and explanation by the Ninth Circuit, plaintiff argues that her arbitration agreements with defendants do not fall under the Convention because they are not commercial in nature (they do not involve international, foreign, or interstate commerce) and they are entirely domestic in scope (they are arbitration agreements in employment contracts for work performed exclusively in California and subject to enforcement exclusively in California).  (Doc. No. 9-1 at 9–13.)  The court agrees and finds the district court decisions cited by plaintiff in support of her argument to be particularly on point and persuasive in this regard.  In this regard, plaintiff cites to a recent district court decision in a similar case, in which the defendant removed a state law employment case based on the New York Convention because the parties had an employment arbitration agreement and the employee plaintiff was a Honduran citizen.  *Id.* (citing *Padilla Ayala v. Teledyne Def. Elecs.*, No. 2:21-cv-01322-AB-MRW, 2021 WL 1312578, at *3 (C.D. Cal. Apr. 8, 2021) (rejecting the defendant's argument that "due to plaintiff's non-U.S. citizenship, the Agreement is not entirely domestic in scope and thus automatically falls under the Convention").  In granting the plaintiff's motion to remand, the court in *Padilla Ayala* relied on the Ninth Circuit's decision in *Ministry of Def. of Islamic Republic of Iran* and concluded that the defendant's "interpretation . . . oversimplifies the text and contravenes congressional purpose and intent" as outlined by the Ninth Circuit.  *Padilla Ayala*, 2021 WL 1312578, at *5.  Further, the district court in *Padilla Ayala* emphasized that "the parties seek arbitration to be both performed and enforced in California," and thus, their arbitration agreement "maintains a sufficiently

domestic nature and falls short of the level of international commerce Congress contemplated when it agreed to the Convention." (*Id.*)  Similarly, here, defendants seek only to enforce the arbitration agreements in California and to be performed in California.  (*See* Doc. No. 5.)

In opposing the pending motion, defendants criticize plaintiff's reliance on *Padilla Ayala* because that district court decision is not binding on this court, yet they rely primarily on out-of-circuit cases themselves, and in particular district court cases from the Southern District of Florida that are not factually or legally similar to the present case.  (Doc. No. 19 at 13–20.)  That is, defendants somewhat bizarrely rely only on a few cases involving seamen and crewmen on vessels operating in international waters and the issue of whether the seafarer's exemption to the Convention applied such that the seamen had a statutory right to have their claims heard in federal court.  (Doc. No. 19 at 12–20.)  Defendants' discussion of these cases does not serve to advance their argument or dissuade this court from finding the decision in *Padilla Ayala* to be persuasive.  In addition, the cases relied upon by defendant provide no authority for defendants' broad unsupported assertion that "[f]ederal courts will have jurisdiction under 9 U.S.C. § 205 over just about any suit in which defendant contends that [an] arbitration clause falling under [the Convention] provides defense."  (*Id.* at 15.)  Such a contention, as defendants make in this case, is insufficient.  Defendants must actually satisfy their burden of showing that removal is proper because the arbitration agreement at issue does indeed fall under the Convention.  *See California ex rel. Lockyer*, 375 F.3d at 838.  Here, the court finds that defendants have not met that burden.

The court finds that the removal of this action pursuant to the Convention on Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention"), 9 U.S.C. §§ 201, *et seq.*, was not proper.  The New York Convention does not apply to the parties' arbitration agreements at issue here, which are entirely domestic in scope and thus do not "fall under the Convention."

Accordingly, having found that the court lacks subject matter jurisdiction over this action based on either CAFA or the New York Convention, the court will grant plaintiff's motion to remand this case to the Fresno County Superior Court.

/////

/////

### B. Request for Attorneys' Fees

Plaintiff also seeks attorneys' fees in this matter for the total amount of $11,357.50. (Doc. Nos. 9-1 at 17–21; 20 at 13–14.) "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Here, the court concludes that defendants' basis for removal was objectively unreasonable. As for defendants' CAFA jurisdiction arguments, the law compelling the remand of this action to state court is well established. In addition, given the Ninth Circuit's articulation of the applicable requirements for removal under the New York Convention—in particular the foreign nexus requirement, which is clearly lacking in this case—the court concludes that defendants' removal of this action on that basis was unreasonable. Plaintiff's request for attorneys' fees will therefore be granted. However, the court will not award the full amount requested by plaintiff because that amount includes fees related to time spent responding to defendant's motion to dismiss, motion to compel arbitration, and motion to consolidate cases. (*See* Doc. No. 20 at 14.) Plaintiff's requested award of $11,357.50 includes $6,022.50 in fees related to the motion to remand and $5,335.00 in fees related to plaintiff's reply brief in support of her motion to remand and to plaintiff's response to defendants' three other pending motions. Because plaintiff's counsel's declaration does not specify how much of the $5,335.00 in fees were incurred in preparing plaintiff's reply brief specifically, the court will award plaintiff only $6,022.50 in attorneys' fees for being required to file her motion to remand this action. *See Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1012 (N.D. Cal. 2001) ("A district court has broad discretion under [28 U.S.C. § 1447(c)]."); *see also Ebert v. Herwick*, 675 Fed. App'x. 863 (10th Cir. 2017) (finding that the district court did not abuse its discretion in awarding a sum likely even less than the actual expenses and costs incurred).

/////

**CONCLUSION**

For the reasons set forth above,

1. Plaintiff's motion to remand this action (Doc. No. 9) is granted;

2. Plaintiff's request for attorneys' fees (Doc. No. 9) is granted in the amount of $6,022.50;

3. This action is remanded to the Fresno County Superior Court, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction; and

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **December 3, 2021**              *Dale A. Drozd*
                                          UNITED STATES DISTRICT JUDGE